[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15474
Non-Argument Calendar

_____

D.C. Docket No. 4:07-cr-00122-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 21, 2013)

Before MARTIN, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Shawn Hamilton, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. On

appeal, Hamilton argues that the district court abused its discretion in denying his motion without considering the 18 U.S.C. § 3553(a) sentencing factors or his post-sentencing conduct.  For the reasons set forth below, we affirm the district court's denial of Hamilton's § 3582(c)(2) motion.

I.

In November 2007, Hamilton was convicted by a jury of possession with intent to distribute five grams or more of crack cocaine and "3, 4-methylenedioxymethamphetamine" ("ecstasy") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Two), and use and carry of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three).  The presentence investigation report ("PSI") assigned Hamilton a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7) because his offense involved the equivalent of between 100 and 400 kilograms of marijuana.  Specifically, because more than one controlled substance was involved, the PSI converted the crack cocaine and ecstasy quantities for which Hamilton was responsible to the equivalent amount of marijuana, and it noted that Hamilton was responsible for a total of 108.7 kilograms of marijuana.  Based on a total offense level of 26 and a criminal history category of III, Hamilton's guideline range was 78 to 97 months'

2

imprisonment. Additionally, he faced a mandatory consecutive 5-year (60-month) sentence as to Count Three.

In determining Hamilton's sentence, the court noted its experience presiding over his trial and its review of the PSI and the § 3553(a) sentencing factors. Ultimately, the court imposed a 157-month total sentence, consisting of concurrent 97-month sentences as to Counts One and Two and a 60-month consecutive sentence as to Count Three.

In August 2011, Hamilton filed the instant *pro se* § 3582(c)(2) motion for a sentence reduction based on the Sentencing Commission's "[c]rack [c]ocaine reduction" in June 2011. Specifically, Hamilton asserted that he was entitled to "[i]mmediate relief" from federal custody, and he requested that the district court grant him "conditional release in accordance with []§ 3582(c)(2) and the factors listed in []§ 3553(a)."

In response, the government filed a motion to stay the district court's ruling on Hamilton's § 3582(c)(2) motion, arguing that the district court lacked the authority to grant the motion until November 1, 2011, when Amendment 750 would become retroactive.

On August 16, 2011, the district court granted the government's motion to stay Hamilton's § 3582 proceeding. Subsequently, on November 1, 2011, without requiring any further response from the government regarding the merits of

Hamilton's § 3582(c)(2) motion, the district court denied Hamilton's request for a sentence reduction. The court's order noted that Hamilton's original guideline range was 78 to 97 months' imprisonment (plus the mandatory 60 months), and his amended guideline range was 63 to 78 months' imprisonment (plus the mandatory 60 months). Further, the order stated, "In denying this motion, the [c]ourt has specifically considered all of the factors set forth in []§ 3553(a) and determined that the original sentence imposed in the case, 157 months['] confinement, is the proper sentence." The same judge who had presided over Hamilton's original sentencing, District Judge B. Avant Edenfield, signed the order denying his § 3582(c)(2) motion.

## II.

We review a district court's decision about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). If § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." *Id.* at 984 n.1.

A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment

4

759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.

Before granting a sentence reduction under § 3582(c)(2), the district must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the prisoner's guideline range by substituting the retroactive guideline amendment for the provision that it replaced. *See id.* Second, the court must determine whether, in its discretion, it should impose a new sentence in accordance with the amended guideline range, or whether the original sentence should be retained. *See id.* at 781. This decision is to be made after considering the factors listed in 18 U.S.C. § 3553(a). *Id.* However, a district court need not "articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). While the two-step analysis is required, the district court's decision whether to reduce the defendant's sentence is discretionary. *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009).

Further, in evaluating whether a sentence reduction is warranted, the district court "*may* consider the defendant's post-sentencing conduct." *See id.* at 1256

5

(emphasis added); *see also* U.S.S.G. § 1B1.10, cmt. n.1(B) (requiring a district court to consider the § 3553(a) factors and permitting it to consider the defendant's post-sentencing conduct in evaluating whether and to what extent to reduce a sentence).  We must vacate and remand "[i]f it is not possible to determine from the record whether the district court considered the § 3553(a) factors." *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009).

In the context of an earlier amendment to the crack-cocaine guidelines, we have held that a district court's failure to consider the § 3553(a) factors constituted reversible error.  *Id.* at 1220.  In *Douglas*, the district court completed a standard form order that did not mention § 3553(a) or the § 3553(a) factors.  *Id.* at 1218. Although the form provided a space for "additional comments," the court did not provide any comments or otherwise explain its decision.  *Id.*  On appeal, we vacated and remanded the § 3582 order after finding insufficient evidence that the district court had considered the sentencing factors.  *Id.* at 1220.  In reaching that disposition, we noted that: (1) the prisoner's motion briefly referenced the § 3553(a) sentencing factors, but did not analyze them; (2) the government did not respond to the prisoner's motion; (3) no hearing was held; and (4) the district court's form order merely indicated that the court had "considered [the defendant's] motion."  *Id.*

6

By contrast, in another case, we affirmed a § 3582 decision where: (1) the prisoner's motion presented arguments as to why the sentencing factors supported imposing a more lenient sentence;(2) the government responded to those arguments; (3) a hearing was held; and (4) the district court's order referenced the prisoner's motion. *United States v. Smith*, 568 F.3d 923, 928-29 (11th Cir. 2009). Similarly, in *Eggersdorf*, we found sufficient the district court's order stating that it had reviewed the § 3582(c)(2) motion, the government's response in opposition, and was "otherwise duly advised." *Id.* at 1322-23. We noted that the district court judge who decided the § 3582(c)(2) motion was the same judge who had originally sentenced the defendant. *Id.* at 1323.

As an initial matter, the district court properly recognized its authority to reduce Hamilton's sentence and it recalculated his amended guideline range under Amendment 750, indicating that his amended range as to the drug counts was 63 to 78 months' imprisonment. Thus, the relevant inquiry is limited to whether the record sufficiently demonstrates that, before exercising its discretion to deny Hamilton's § 3582(c)(2) motion, the district court sufficiently considered the relevant § 3553(a) sentencing factors. *Bravo*, 203 F.3d at 781.

Although there are some factual similarities between *Douglas* and the instant case, a review of the record, here, suggests that the district court adequately considered the § 3553(a) factors. Admittedly, as in *Douglas*, Hamilton's motion

7

cited § 3553(a) in support of his request for a lower sentence but did not set forth the sentencing factors or present any argument as to why the § 3553(a) factors supported relief. *See Douglas*, 576 F.3d at 1220. Additionally, the government's response did not discuss the factors, but instead focused solely on the fact that Amendment 750 had not yet gone into effect. Thus, as in *Douglas*, the district court never heard the parties' positions regarding the sentencing factors, and the court also did not independently analyze or discuss the application of those factors. *Id*. As a result, if the district court's order denying § 3582(c)(2) relief had referenced only Hamilton's motion and omitted any reference to § 3553(a), it would not be possible to determine whether the court had considered the § 3553(a) factors.

In this case, however, unlike in *Douglas*, the district court explicitly stated that, in denying Hamilton's motion, it had "specifically considered all of the factors set forth in []§ 3553(a)[,]" and it found that Hamilton's original sentence was the proper sentence. In *Douglas*, the district court's standard order noted only that the court had considered the defendant's § 3582(c)(2) motion. *See id.* at 1218. Significantly, unlike the instant case, the district court in *Douglas* made no reference to § 3553(a) or its sentencing factors, and the court provided no additional comments to explain its decision. *See id.* Further, the district court judge who declined to resentence Hamilton was the same judge who had presided

8

over his trial, reviewed his PSI, and imposed his original sentence. *See Eggersdorf*, 126 F.3d at 1323. Thus, the court was familiar with Hamilton and the facts and circumstances surrounding his offenses.

On appeal, Hamilton argues that the district court should have considered his post-sentencing conduct, but he concedes that the district court was not required to do so. *See Williams*, 557 F.3d at 1256. Moreover, Hamilton's § 3582(c)(2) motion did not present any post-sentencing information to the district court. In sum, because the district court explicitly stated that it had considered the § 3553(a) factors and the court was not required to specifically explain the applicability of each factor, the district court's order was sufficient to establish that it had considered the sentencing factors. *See Bravo*, 203 F.3d at 781; *Eggersdorf*, 126 F.3d at 1322.

For the foregoing reasons, we affirm the district court's denial of Hamilton's § 3582(c)(2) motion.

**AFFIRMED.**